IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : No. 4:23-CR-159 |
| KATRINA MACLEAN, | : |
| | : |
| Defendant. | :(Chief Judge Brann) |

### MOTION TO DISMISS INDICTMENT

Defendant Katrina Maclean, by and through her undersigned counsel, pursuant to the Fifth Amendment of the United States Constitution and Rules 6 and 12(b)(3) of the Federal Rules of Criminal Procedure, respectfully moves this Court to dismiss the Indictment and in support thereof represents:

1.  On June 13, 2023, an indictment was returned charging Ms. Maclean and three other individuals with one count each of Conspiracy, pursuant to 18 U.S.C. § 371 (Count 1) and Interstate Transport of Stolen Goods, pursuant to 18 U.S.C. § 2314, § 2 (Count 3).

2.  In substance, the Indictment alleged that Cedric Lodge, who was the manager of the Harvard Medical School morgue ("Harvard"), stole dissected portions of donated human cadavers used for medical school education, teaching and research and sold them to oddity collectors, including Ms. Maclean.  The Indictment alleges that Ms. Maclean sold various human remains she purchased from Mr. Lodge.

3. As part of its anatomical gift program, Harvard maintains an Operations Manual, setting forth the guidelines and procedures of Harvard's anatomical gift program and guidelines for intended anatomical donors.

4. Ms. Maclean was arrested at her home in Salem, Massachusetts on June 14, 2023.

5. On that same date, she appeared for her initial appearance in federal court in the District of Massachusetts and was released on pre-trial supervision and other various conditions. She was ordered to appear for arraignment in the Middle District of Pennsylvania.

6. On June 27, 2023, Ms. Maclean appeared for arraignment in the Middle District of Pennsylvania, entered a not guilty plea and was again released on the same pre-trial conditions.

7. A trial date is pending.

8. Count 3, Interstate Transport of Stolen Goods, requires the Government to prove, among other things that: (i) that the defendant transported "goods, wares, and merchandise, securities or money," (ii) "of the value of $5,000 or more," and (iii) that the defendant knew the items were "stolen, converted or taken by fraud." 18 U.S.C. § 2314.

9. Federal crimes are "solely creatures of statute." Dowling v. United States, 473 U.S. 207 213 (1985). In determining the scope of conduct proscribed by a federal criminal statute, the court "must pay close heed to the language, legislative history, and purpose." Id.

10. Human remains are not, and have never been, deemed to constitute property or "goods, wares, or merchandise" and therefore, fall outside the purview of § 2314.

11. Even if human remains could constitute property or chattel, it must be commonly bought and sold to come within the statute. The Government fails to allege that the human remains are ordinarily a subject of commerce.

12. Moreover, another element, the jurisdictional amount of $5,000 is also not satisfied, since the value of the human remains is lacking and there is no pecuniary loss.

13. As a result, the Indictment should be dismissed as a matter of law, as the undisputed facts do not give rise to the offense charged in the Indictment and fails to satisfy the necessary legal elements.

14. In addition, because of the foregoing defects, the Indictment should be dismissed for failing to present competent facts before the grand jury to support the Indictment.

15. Alternatively, the grand jury transcripts should be produced to inspect what evidence was actually presented to the grand jury.

16. Assistant United States Attorney Sean Camoni does not concur in this Motion.

WHEREFORE, for all of the foregoing reasons, Ms. Maclean requests that the Indictment be dismissed with prejudice.


Dated:    March 3, 2025


                                           MIELE & RYMSZA, P.C.

                                           By:  <u>s/Edward J. Rymsza</u>
                                                  Edward J. Rymsza, Esq.
                                                  Pa. I.D. No. 82911
                                                  Attorney for Defendant
                                                  125 East Third Street
                                                  Williamsport, PA  17701
                                                  (570) 322-2113
                                                  (570) 322-8813 (facsimile)
                                                  Rymsza@comcast.net

**CERTIFICATE OF SERVICE**

I, Edward J. Rymsza, Esq., hereby certify that on this 3d day of March 2025, I served the foregoing Motion to Dismiss Indictment upon Sean Camoni, Esq. by electronic mail.

Dated:   March 3, 2025

                              MIELE & RYMSZA, P.C.


                        By:   s/ Edward J. Rymsza
                              Edward J. Rymsza, Esq.
                              Pa. I.D. No. 82911
                              Attorney for Defendant
                              125 East Third Street
                              Williamsport, PA  17701
                              (570) 322-2113
                              (570) 322-8813 (facsimile)
                              Rymsza@comcast.net