**U.S. Department of Justice**
*Brian D. Miller*
*United States Attorney*
*Middle District of Pennsylvania*

*Website: www.justice.gov/usao/pam/*
*Email: usapam.contact@usdoj.gov*

*William J. Nealon Federal Building*
*235 N. Washington Avenue, Suite 311*
*P.O. Box 309*
*Scranton, PA 18503-0309*
*(570) 348-2800*

*Sylvia H. Rambo Courthouse*
*1501 North 6th Street, 2nd Floor*
*P.O. Box 202*
*Harrisburg, PA 17102*
*(717) 221-4482*

*Herman T. Schneebeli Federal Building*
*240 West Third Street*
*Suite 316*
*Williamsport, PA 17701-6465*
*(570) 326-1935*

*Please respond to: Williamsport*

August 14, 2026

Honorable Chief Judge Brann
United States District Court
Middle District of Pennsylvania
240 West Third Street
Williamsport, PA 17701

RE: *United States v. Katrina Maclean*
District Case Number: 4:23-CR-00159

Dear Chief Judge Brann:

This letter is offered to the Court in anticipation of the sentencing of Katrina Maclean ("Maclean") scheduled for August 18, 2026. The United States requests that the Court vary upward and impose a sentence of 12 months and 1 day of imprisonment.

The Government acknowledges the Court's Memorandum and Opinion of August 24, 2024, in *United States v. Pauley*, 4:23-CR-163, regarding the issue of loss in view of *United States v. Banks,* 55F.4th 246, 256 (3d Cir. 2022), but incorporates the arguments set forth in its Brief in Opposition filed in that case (Doc. 35) and formally objects to the lack of a guideline increase pursuant to U.S.S.G. 2B1.1(b)(1).

Maclean objects to a two-level enhancement under USSG §2B1.1(b)(4). The enhancement reads, "If the offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property, increase by 2 levels." USSG §2B1.1(b)(4). In this case, Maclean received remains that Cedric Lodge stole from the Harvard Medical School morgue. She then engaged in the sale of those remains to interested buyers, such as Jeremy Pauley. Maclean received and sold stolen property. The enhancement is properly applied.

Turning to the factors under 3553(a) and a need for an upward variance, the facts of this case speak to the especially heinous and egregious nature and circumstances of the offense conduct – not the transportation of stolen vehicles or jewelry or computer servers, but of human remains.

It is no exaggeration to describe the twisted conduct in this case as a human rights violation, a desecration of societal norms and a disregard for long-held human notions of right and wrong. This practice violates the human dignity of the deceased and inflicts suffering on their loved ones.

Given the widespread nature of this offense, the need for deterrence is paramount. This investigation has uncovered a secretive, nationwide market for human remains, most of which are stolen. In this case, positive evidence of the thefts was uncovered, and so the perpetrators can be held accountable. But most such transactions occur in the shadows, and the sources of the remains are undisclosed. Despite knowing that "wet specimens" and fetal corpses cannot be obtained legally, the down-market trade cannot be prosecuted as it is in this case without proof that the items are stolen. Thus, it is vital that, in a case where the evidence proves conclusively that the remains were stolen, a message must be sent to this "oddities" community, that the United States does not tolerate the theft and sale of human remains. This dark trade must end.

Here, the Government's recommendation is tempered, in part, based on Maclean's lack of criminal history and other mitigating factors

outlined in the PSR. In making its recommendation, the government is also mindful of the relative culpability of all of the defendants who engaged in similar conduct in this and other cases related to Maclean's. Maclean did not operate from a position of trust and her involvement was not particularly widespread.

With all of that in mind, the United States asks that the Court impose a sentence of 12 months and one day to be followed by a term of supervised release.

Respectfully,

ALISAN V. MARTIN
Assistant United States Attorney
Attorney I.D. No. PA 316757
United States Attorney's Office
240 West Third Street, Suite 316
Williamsport, PA 17701
Telephone: 570-326-1935
Email: Alisan.Martin@usdoj.gov

cc: Edward J. Rymsza, Esq.